MERCER *v.* BALDWIN *et al.*

Where a claim interposed to a levy on an engine and other property was withdrawn after joining of issue, and the execution proceeded against the property under levy and was also levied on a boiler connected with the engine, and a claim was interposed by one who was surety on the claim and forthcoming bonds of the former claimant, he could of his own motion withdraw his claim not only as to the boiler, but as to the rest of the property, although he had testified on the trial of the former claim case that he bought the property under levy from the then claimant before her claim was filed, on condition that if she gained the case he was to pay her for it, but not otherwise. The testimony submitted, if true, would have authorized the assessment of damages under the code, §3741; and the remedy provided thereby is ample to protect the rights of the plaintiff in execution.

July 7, 1890.

Claim. Practice. Damages. Before Judge GUERRY. Randolph superior court. November term, 1889.

Reported in the decision.

Hoyl & Parks, by Harrison & Peeples, for plaintiff in error.

W C. Worrill, by J. H. Worrill, *contra.*

Blandford, Justice.

In this case, an execution having been issued upon a judgment in favor of J. W. Harris against B. F. Snell and D. S. Brown (composing the firm of B. F. Snell & Co.), M. A. Baldwin and J. W. Stanford, the same was levied upon an engine, a gin and a set of mill-rocks, as the property of B. F. Snell, whose wife interposed her claim to the property. Mercer, the plaintiff in error, was one of her sureties on the claim and forthcoming bonds. Issue was joined, but Mrs. Snell withdrew her claim. Afterwards, Baldwin and Stanford paid the balance due on the execution, and it proceeded for their benefit against the property already under levy, and was also levied upon a boiler connected with and belonging to the engine, as the property of B. F. Snell. To the engine, gin and boiler Mercer interposed a claim. He sued out interrogatories for Mrs. Snell; but at the time of the trial of the case, moved to continue the case upon the ground that the interrogatories (for certain reasons) had not been properly executed. The court overruled this motion, and Mercer excepted; and thereupon Mercer moved to withdraw his claim. Testimony was introduced to the court showing that Mercer was surety for Mrs. Snell, the former claimant, upon a claim bond and a forthcoming bond, and that he had testified that he had bought the property from Mrs. Snell, but was not to pay for it unless her claim was sustained. The court overruled the motion to withdraw the claim, as to all the property except the boiler, and Mercer excepted. In this we think the court committed error. Section 3740 provides that a claimant shall not be permitted to withdraw or discontinue his claim more

than once without the consent of the plaintiff in exe-
cution.   This was the first claim interposed by Mercer
to this property, and we think he had a right to with-
draw it one time, notwithstanding Mrs. Snell had for-
merly claimed the property and he had been her surety
on the damage and forthcoming bonds.   We think that
a vigorous application of section 3741 of the code would
have a tendency to prevent claims for delay only, said
section providing that whenever a claim may be dis-
missed for insufficiency, or is withdrawn, plaintiffs in
execution shall have full power to have the case made
up and submitted to the jury, charging that the claim
was filed for the purpose of delay only, and the jury
may give damages as in cases where the claim is not
withdrawn but submitted for trial to the jury.   The
proof submitted to the court, if true, would certainly
have authorized the jury to have assessed damages
under the last section of the code referred to ; and we
think the remedy so provided is ample to protect the
rights of the plaintiff in execution.   It may have been
that, on account of the proof submitted to the court,
claimant desired to withdraw his case, knowing he could
not sustain his claim.   We think he had a right to
withdraw it, and that the court erred in refusing to
allow him so to do.              *      *Judgment reversed.*